**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:12-cv-93-RLV**
**(5:04-cr-45-RLV-DCK-1)**

| | | |
|---|---|---|
| **LARRY DONNELL WILLIAMS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

  **THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on Petitioner's Motion to Appoint Counsel, (Doc. No. 2).  Petitioner is represented by the Federal Defenders of Western North Carolina.  Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011).  For the following reasons, Petitioner is not entitled to relief under <u>Simmons</u>.

  **I.  BACKGROUND**

  Petitioner was indicted by the Grand Jury for the Western District of North Carolina on August 24, 2004, with conspiracy to possess with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. §§ 841 and 846; two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841; and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  (Criminal Case No. 5:04-cr-45-RLV-DCK: Doc. No. 2: Indictment).  Contemporaneous with the indictment, the Government filed a notice under 21U.S.C. § 851, listing Petitioner's four, prior state court drug convictions.  (<u>Id.</u>, Doc. No. 3: Information Pursuant to 21 U.S.C. § 851).  At that time, based on the amount alleged

1

in the indictment and Petitioner's prior convictions, Petitioner faced mandatory life imprisonment. See 21 U.S.C. § 841(b)(1).

On November 4, 2004, Petitioner entered a straight-up plea of guilty to all four counts. See (Id., Doc. No. 12: Entry and Acceptance of Guilty Plea). Before sentencing, a probation officer prepared a Presentence Report ("PSR") describing Petitioner's offense conduct, calculating Petitioner's total offense level, and summarizing Petitioner's criminal history. The probation officer determined that Petitioner had amassed 35 criminal history points, placing him in criminal history category of IV. See (Id., Doc. No. 40 at 2: Gov't Response to Petitioner's Motion to Reduce Sentence). With a total offense level of 35 and criminal history category of IV, Petitioner faced an advisory guideline range of between 235 and 293 months for the drug convictions, plus a mandatory, consecutive term of five years of imprisonment as to the firearm charge. See (Id.). Because of Petitioner's prior drug convictions set forth in the § 851 notice, he faced a statutory sentence of life imprisonment. (Id.). Before sentencing, the Government withdrew the § 851 notice. See (Id., Doc. No. 57 at 4: Statement of Reasons).

On June 20, 2005, the Court sentenced Petitioner to 180 months of concurrent imprisonment as to each of the three drug charges, plus a 60-month consecutive sentence for the firearm offense, for a total of 240 months of imprisonment. (Id., Doc. No. 19: Judgment). Petitioner did not appeal. On July 5, 2012, Petitioner filed the instant motion to vacate his sentence under 28 U.S.C. § 2255, seeking relief in light of Simmons. (Doc. No. 1).

On June 21, 2012, Petitioner filed a motion through counsel to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), on the basis of Amendment 750 to the United States Sentencing Guidelines. The Court denied the motion on July 9, 2012, and two days later Petitioner filed a motion for reconsideration. On August 20, 2012, this Court denied Petitioner's

motion for reconsideration. On December 27, 2012, the Fourth Circuit affirmed. (Id., Doc. No. 43). On February 22, 2013, on a motion for rehearing, the Fourth Circuit vacated and remanded for resentencing, finding that this Court erred in holding that Petitioner was not eligible for a sentence reduction under Amendment 750. (Id., Doc. No. 46). On August 12, 2013, this Court entered an amended judgment, resentencing Petitioner to 120 months of concurrent imprisonment as to each of the three drug charges, plus a 60-month consecutive sentence for the firearm offense, for a total of 180 months of imprisonment. (Id., Doc. No. 56: Amended Judgment).

## II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Here, this Court entered its original judgment on June 20, 2005. Petitioner did not file his Section 2255 motion to vacate until July 5, 2012. Thus, it would appear that the petition is untimely if measured against the original judgment. As noted, however, this Court entered an amended judgment on August 12, 2013, following vacatur and remand from the Fourth Circuit. Under Fourth Circuit law, it appears that because the Court has

entered an amended judgment on Petitioner's conviction in August 2013, the petition is not

untimely.  See United States v. Dodson, 291 F.3d 268, 272 (4th Cir. 2002).  Instead, it is more

appropriately held to be premature since it was filed before the amended judgment was entered.

In any event, the Court finds that, regardless of the timeliness of the petition, Petitioner is not

entitled to Simmons relief.  As his sole ground for relief in the petition, Petitioner contends that

the prior state court drug convictions listed in the § 851 notice were not predicate felony

convictions under Simmons.  Here, although the Government initially filed a § 851 notice, the

Government subsequently withdrew that notice.  Therefore, the prior state court convictions that

Petitioner challenges were not relied upon to enhance his sentence.  In sum, Petitioner is not

entitled to Simmons relief.

### IV.    CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255

petition.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §
      2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.  So that Petitioner may be
      able to file a petition challenging the amended judgment if he so wishes, the
      dismissal will be without prejudice.

2.    Petitioner's Motion to Appoint Counsel, (Doc. No. 2), is **DENIED** to the extent
      that he seeks appointment of counsel beyond this Court's prior standing order
      appointing the Federal Defenders Office to conduct a Simmons review.

3.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules
      Governing Section 2254 and Section 2255 Cases, this Court declines to issue a

certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473,

484 (2000) (when relief is denied on procedural grounds, a petitioner must

establish both that the dispositive procedural ruling is debatable and that the

petition states a debatable claim of the denial of a constitutional right).

Signed: December 2, 2013

Richard L. Voorhees
United States District Judge